FILED

2019 Jan-08  PM 03:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHNATHAN BROOKS KLINGENBECK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **LIFE TIME FITNESS, INC., et al.** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

---

## NOTICE OF REMOVAL
## EXHIBIT B

---

DOCUMENT 1

ELECTRONICALLY FILED
11/29/2018 2:37 PM
01-CV-2018-904787.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca: 01<br><br>Date of Filing:<br>11/29/2018 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOHN BROOKS KLINGENBECK v. LIFE TIME FITNESS, INC.

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other   ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
       Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
       Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM<br>DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| GUL005 | 11/29/2018 2:37:19 PM | /s/ IKE GULAS |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☐ NO

DOCUMENT 2

ELECTRONICALLY FILED
11/29/2018 2:37 PM
01-CV-2018-904787.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Johnathan Brooks Klingenbeck,

     Plaintiff,

v.

Life Time Fitness, Inc.; Defendants 1-5 whether singular or plural, those individuals, general partnerships, limited partnerships, corporations or other legal entities who owned and/or operated at all times material hereto a business known as "Life Time Vestavia Hills" located at 3051 Healthy Way, Vestavia Hills Alabama 35243; Fictitious Party Defendants 6-10 whether singular or plural, those individuals, general partnerships, limited partnerships, corporations or other legal entities who owned and/or leased the property located at 3051 Healthy Way, Vestavia Hills, Alabama 35243 at all times material hereto; Fictitious Party Defendants 11-15, whether singular or plural, those individuals, general partnerships, limited partnerships, corporations or other legal entities who were at all times material to this cause responsible for the maintenance, upkeep, security, and/or had responsibility to keep the subject property reasonably safe; Fictitious Party Defendants 16-20, whether singular or plural, those individuals, general partnerships, limited partnerships, corporations or other legal entities who were at all times material hereto responsible for inspecting and/or maintaining said facility; the Fictitious Party Defendant's are unknown to Plaintiff at this time, but will be added by amendment when ascertained, Defendants.

     Defendants.

CIVIL ACTION NO:

JURY TRIAL DEMAND:

## COMPLAINT

DOCUMENT 2

**COMES NOW,** Plaintiff by and through the undersigned Counsel and hereby files this complaint against Defendants and Fictitious Defendants and states as follows:

### *STATEMENT OF PARTIES*

1. Plaintiff, Johnathan Brooks Klingenbeck, is over the age of 19 and was at all times material to the present action a resident of Jefferson County, Alabama.

2. That Defendant, Life Time Fitness, Inc., is now, and was on or about July 10, 2017, and for a long-time prior thereto, a health and fitness facility, recognized, organized and existing under and by virtue of the laws of the State of Minnesota. Additionally, Defendant Lifetime Fitness is a for profit corporation doing business in the state of Alabama.

3. Venue is proper in this Court as the conduct giving rise to this action occurred in Jefferson County, Alabama.

4. The matter in controversy exceeds, exclusive of costs, Ten Thousand Dollars ($10,000.00).

### *FACTUAL ALLEGATIONS*

5. On or about June 26, 2017, at approximately 3:43 P.M., Plaintiff became a member of Life Time Vestavia Hills after completing the online registration process. Several hours later, Plaintiff's membership status was confirmed by email from Mason Durden, an Account Manager with Life Time Vestavia Hills.

6. On or about July 1, 2017, Mason Durden sent an email to Plaintiff requesting that he come to Life Time Vestavia Hills in person to sign documents, presumably related to Plaintiff's new membership. Mr. Durden informed Plaintiff these documents were already prepared, and all that was needed was the Plaintiff's signature.

DOCUMENT 2

7. Accordingly, on or about July 10, 2017, Plaintiff went to Life Time to sign the documents as requested by Mr. Durden. However, when Plaintiff asked about the documents with staff at the front desk, he was told that there were no documents for him to sign and that his membership process was complete.

8. The Plaintiff, being a paying member whose membership status was just confirmed, decided he would use the hot tub, which was open and available for use by Life Time members. The Plaintiff informed the staff at the front desk of his intent to go to the hot tub, and no one objected to Plaintiff entering the facility. Accordingly, Plaintiff proceeded to the locker room and changed into his swimsuit.

9. The Plaintiff entered the hot tub, at which point he sent an email from his phone to Mason Durden, explaining to him that there were no papers for him to sign and asking Mr. Durden if he could send him the papers to "e-sign".

10. Approximately 10 minutes later, Plaintiff, still in the hot tub, was approached by Life Time security personnel. These employees were highly aggressive and demanded that Plaintiff immediately exit the hot tub and go to the front desk to sign paperwork. The Plaintiff, who was extremely upset by the confrontation, tried to explain to the employees that he had already made a good faith attempt to sign the papers; he also showed them the e-mail he had just sent to Mason Durden explaining the same.

11. The employees became increasingly aggressive, telling Plaintiff to leave the hot tub immediately and that they were calling the police to deal with the situation.

12. The Plaintiff, despite being a paying member and rightfully on the premises, was then escorted out of the hot tub by security and into the locker room causing him to suffer severe humiliation and emotional agitation.

DOCUMENT 2

13. As a result of the unanticipated acts of Defendant's employees, the Plaintiff was extremely upset and in a state of shock, and it was in this condition that he was required to enter the locker room.

14. The Plaintiff, while in the locker room and in the custody of the Defendant's employee, slipped on the hard tile floor which was covered with liquid and was extremely slick. Plaintiff lost his footing and was thrown to the hard tile floor, landing with all his weight on his left hip and back.

15. As a result of the conduct of Defendant's employees and the subsequent fall, Plaintiff suffered and will continue to suffer mental anguish, permanent physical injuries, physical pain and suffering, loss of enjoyment of life, lost wages, as well as medical, hospital, and doctor expenses.

## COUNT ONE
### (Negligence)

16. That during the aforesaid time, Defendant, Life Time Fitness, Inc., (hereinafter Defendant) a health and fitness center, specifically the building located at 3051 Healthy Way, in the City of Vestavia Hills, and State of Alabama, as well as fictitious party defendants 1-20, held out to those lawfully on the premises that it was reasonably safe for use aforesaid.

17. That on the aforesaid date, Plaintiff, Johnathan Brooks Klingenbeck, was a business invitee in the fitness center and, at all times mentioned, in the exercise of reasonable care and caution for his own safety.

18. That at all times material hereto, the Defendant, and/or fictitious party defendants 1-20, employed various authorized agents, employees and/or servants, charged with the responsibilities of maintaining and inspecting said floors, and at all times herein, said agents, employees, and/or servants were in the course and scope of such agency, servitude and/or employment. Moreover, at all times material to this action, Defendant and/or fictitious party

DOCUMENT 2

defendants 1-20, employed various authorized agents, employees and/or security personnel, charged with the responsibility of protecting the safety of its members and others, and at all times herein, said employees were acting within the course and scope of their agency or employment.

19. That all times pertinent hereto, it was, therefore, the duty of Defendants to use reasonable care to keep and maintain the aforesaid floors in a reasonably safe condition for the use of its members, and to keep and maintain the floors and exercise areas reasonably safe and free from hazardous conditions. Further it was the duty of Defendant to provide reasonable and adequate security personnel and services to protect the safety of its members and others.

20. That notwithstanding the aforesaid duty, Defendant, and/or fictitious party defendants 1-20, by and through their duly authorized agents, employees, servants, and/or security personnel carelessly and negligently did or failed to do, one or more of the following acts, which proximately caused injury and damage to the Plaintiff:

(a) Caused and/or allowed liquid to become present on the floor;
(b) Failed to give plaintiff any warning of the dangerous and unsafe condition of the aforesaid floors prior to the occurrence in question;
(c) Allowed said floor to exist with liquid on the floor;
(d) Failed to properly maintain and control the said floors in a reasonably safe condition;
(e) Failed to make reasonable, necessary and proper inspection of said floors prior to the occurrence herein;
(f) Allowed the floors to remain with liquid when defendants knew, or in the exercise of ordinary care, should have known that the condition existed and was dangerous to visitors;
(g) Otherwise failed to perform their duties in the maintenance and control of the floors, which failure rendered the area unsafe and dangerous.
(h) Wrongfully removed the plaintiff from the hot tub causing him to suffer severe emotional agitation.
(i) Required the Plaintiff to walk through the locker room after causing him to become emotionally agitated, when Defendants knew, or in the exercise of ordinary care, should have known, that Plaintiff's condition created an increased risk of slipping on the already dangerous and unsafe floor.
(j) Otherwise failed to perform their duties as to the security and protection of the safety of its members.

DOCUMENT 2

21. That as a proximate and foreseeable result thereof, the Defendants' negligence caused Plaintiff to violently fall and suffer grave and permanent injuries for which he has expended great sums of money for his medical care and hospitalization, has suffered and continues to suffer severe pain, mental anguish, permanent injuries, lost wages, and other damages and will continue to suffer and experience such damages and limitations in movement and activities in the future.

22. As a result of the negligent conduct of the Defendants, Mr. Klingenbeck has suffered damages and is entitled to compensatory damages, consequential damages, incidental damages, attorney's fees and costs of this litigation.

## *COUNT TWO*
### *(Wantonness)*

23. The Defendant, and/or fictitious party defendants 1-20, had a duty not to engage in conduct it knew was likely to cause injury to someone.

24. The Defendants wantonly breached by that duty.

25. That notwithstanding the aforesaid duty, the Defendants, and fictitious defendants 1-20, by and through their duly authorized agents, employees, servants, and/or security personnel knowingly and intentionally did or failed to do, one or more of the following acts, which proximately caused injury and damage to the Plaintiff:

> (a) The Defendants' complete failure to warn of the condition, or remedy the condition, was willful and wanton in that it constituted an utter indifference to or conscious disregard for the safety of others.
> (b) Knowingly and intentionally caused Plaintiff to suffer humiliation and severe emotional distress by forcing him to leave the hot tub, despite knowing he was a paying member and being told by staff he could use gym facilities.
> (c) The conduct on the part of Defendants was reckless and wanton in that Defendants knew or should have known of the extreme danger that existed when, after causing the Plaintiff to be in a state of severe emotional agitation, they required Plaintiff to walk through the locker room, which was already dangerous and unsafe.

26. That the wanton conduct of Defendants was a proximate cause of the resulting injuries suffered by Plaintiff.

27. As a result of Defendants wanton conduct, Mr. Klingenbeck is entitled to compensatory damages, consequential damages, incidental damages, punitive damages and costs for this litigation.

### COUNT THREE
### (Negligent/wanton hiring, training, and supervision)

28. At the aforesaid time and place, and for some time prior thereto, the employees discussed in Counts I and II, while acting within the line and scope of their duty as an agent, representative or employee of Defendant, and or fictitious party defendants 1-20, negligently, recklessly, and/or wantonly caused or allowed Plaintiff to suffer injuries as outlined in Count I and II.

29. At the aforesaid time and place, and for some time prior thereto, the Defendant, and/or fictitious party defendants 1-20, were the employers of the above-mentioned employees discussed in Counts I and II, and, as such, had the authority to supervise the hiring and training of said employees acting by or on behalf of Defendant, Life Time Fitness. Said Defendants negligently, recklessly, and/or wantonly exercised or failed to exercise said supervisory control and said negligent, reckless, and/or wanton conduct was a proximate cause of the plaintiff's injuries and damages outlined in Counts I and II.

30. As a proximate consequence of the aforesaid negligent, reckless, wanton and/or other wrongful conduct of each of the above-described Defendants, the Plaintiff was injured and damaged as outlined in Count I.

31. As a result of Defendants' negligent and wanton conduct, Mr. Hand is entitled to compensatory damages, consequential damages, incidental damages, punitive damages and costs

DOCUMENT 2

for this litigation.

## COUNT FOUR
### (Breach of Contract)

32. Plaintiff tendered payment to Defendant, and/or fictitious party defendants 1-20, as consideration for services and membership benefits to be provided by Defendants, including use of the hot tub and all other amenities available to paying members of Life Time.

33. Such payments included payment of monthly dues and fees for facility use which Defendant, and/or fictitious party defendants 1-20, voluntarily accepted.

34. Defendants intentionally, recklessly, maliciously, and/or negligently breached the contractual rights of Plaintiff. These breaches were committed in bad faith and in reckless disregard of the rights and personal reputation of Plaintiff.

35. Defendant's breach of contract lead to severe and irreparable injuries to Plaintiff which required extensive medical treatment. Plaintiffs injuries were a natural, probable, and foreseeable consequence of the breach of Defendants.

36. As a result of Defendant's breach, Plaintiff has suffered and continues to suffer economic loss and damages, severe emotional distress, consequential damages, incidental damages, and damage to his reputation.

## DEMAND FOR RELIEF:

WHEREFORE, PREMISES CONSIDERED, Plaintiff, through his Counsel, pursuant to the statutory, common law authority and other applicable laws of Alabama, prays:

1. That process issue and be served upon the Defendants requiring Defendants to appear and answer this complaint.

DOCUMENT 2

2. That this Court adjudge and decree that the Defendants engaged in the aforementioned acts which violate Alabama Laws.

3. That this Court enters judgment in favor of the Plaintiff against the Defendants for an amount of compensatory, incidental, consequential and punitive damages, including attorney's fees and costs, to be proven at trial.

4. That this Court grant Plaintiff such other and further relief as this Court deems just and proper.

**Plaintiff demands a trial by a struck jury.**

Respectfully Submitted,

/s/    Ike Gulas                    .
IKE GULAS (GUL005)
HARRIS R. FRANK (FRA066)
Attorneys for Plaintiff

**OF COUNSEL:**
The Ike Gulas Law Firm, P.C.
2031 2nd Avenue North
Birmingham, AL 35203
(205) 879-1247
ike@gulaslawfirm.com
hrfrank222@gmail.com

DOCUMENT 2

**SERVE DEFENDANTS AT:**

**Life Time Fitness, Inc.**
**Cogency Global, Inc.**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**



AlaFile E-Notice

01-CV-2018-904787.00

To:  IKE GULAS
     Ike@gulaslawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.
01-CV-2018-904787.00

The following complaint was FILED on 11/29/2018 2:37:55 PM

Notice Date:     11/29/2018 2:37:55 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2018-904787.00

To: LIFE TIME FITNESS, INC.
2 N. JACKSON ST., STE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.
01-CV-2018-904787.00

The following complaint was FILED on 11/29/2018 2:37:55 PM

Notice Date:     11/29/2018 2:37:55 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2018-904787.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.

**NOTICE TO:** LIFE TIME FITNESS, INC., 2 N. JACKSON ST., STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
IKE GULAS                                                                                          ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2031 2ND AVE. NORTH, BIRMINGHAM, AL 35203                      .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOHN BROOKS KLINGENBECK pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/29/2018 2:37:55 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ IKE GULAS

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____ .

*(Date)*

_____                 _____

*(Type of Process Server)*        _____

*(Address of Server)*

_____

*(Server's Signature)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

DOCUMENT 5



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL


IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.

01-CV-2018-904787.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov


TOTAL POSTAGE PAID: $7.09

Parties to be served by Certified Mail - Return Receipt Requested

LIFE TIME FITNESS, INC.                                    Postage: $7.09
2 N. JACKSON ST., STE 605
MONTGOMERY, AL 36104



Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested



Parties to be served by First Class Mail

DOCUMENT 5

**U.S. Postal Service™**
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7018 2290 0000 5737 8483

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LIFE TIME FITNESS, INC.
2 N. JACKSON ST., STE 605
MONTGOMERY, AL 36104

9590 9402 4424 8248 9008 32

2. _____

7018 2290 0000 5737 8483

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
                      Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LIFE TIME FITNESS, INC.
2 N. JACKSON ST., STE 605
MONTGOMERY, AL 36104

9402 4424 8248 9008 32

2. Article Number (Transfer from service label)

7018 2290 0000 5737 8483

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Laura McHone_        □ Agent  □ Addressee

B. Received by (Printed Name)        C. Date of Delivery
                                      DEC 1 0 2018

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

W189248877 5/c
101

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

DOCUMENT 6

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 4424 8248 9008 32

United States
Postal Service

° Sender: Please print your name, address, and ZIP+4® in this box°

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

DEC 12 2018

ANNE-MARIE ADAMS
CLERK



AlaFile E-Notice

01-CV-2018-904787.00

Judge: MICHAEL G GRAFFEO

To:  GULAS THEODORE ALECK
     Ike@gulaslawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.
01-CV-2018-904787.00

The following matter was served on 12/10/2018

**D001 LIFE TIME FITNESS, INC.**

**Corresponding To**

CERTIFIED MAIL

S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

DOCUMENT 8

ELECTRONICALLY FILED
12/27/2018 2:36 PM
01-CV-2018-904787.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Johnathan Brooks Klingenbeck,

     Plaintiff,

v.

                                **CV-2018-904787.00**

Life Time Fitness, Inc., et al.,

     Defendants.

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

To:   Ann Marie Adams

      Jefferson County Clerk of Court

      716 Richard Arrington Jr., BLVD North

      Birmingham, AL 35203

     PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of the Plaintiffs.

| | |
|---|---|
| ( XXX ) | Requests for Interrogatories |
| (      ) | Responses to Request for Interrogatories |
| ( XXX ) | Request for Production |
| (      ) | Response to Request for Production |
| (      ) | Request for Admissions |
| (      ) | Response to Request for Admissions |
| (      ) | Notice of Intent to Serve Subpoena |
| (      ) | Notice of Deposition |
| (      ) | Other: _____ |

                    Respectfully submitted,

                    /s/   Ike Gulas_____.

                    IKE GULAS (GUL005)

                    HARRIS R. FRANK (FRA066)

                    Attorneys for Plaintiff

DOCUMENT 8

**OF COUNSEL:**

The Ike Gulas Law Firm, P.C.

2031 2nd Avenue North

Birmingham, AL 35203

(205) 879-1247

ike@gulaslawfirm.com

hrfrank222@gmail.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on <u>December 27 </u>, <u>2018</u>, I served a copy of the foregoing on the City Clerk via U.S. mail.

**Life Time Fitness, Inc.**
**Cogency Global, Inc.**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**

              <u>/s/   Ike Gulas          </u>.

              IKE GULAS (GUL005)

DOCUMENT 8

## IN THE CIRCUIT COURT OF JEFFERSON
## COUNTY, ALABAMA

Johnathan Brooks Klingenbeck,

     Plaintiff,

v.

                              CV-2018-904787.00

Life Time Fitness, Inc., et al.,

     Defendants.

## Plaintiff's First Interrogatories and
## Request for Production to Defendant

**COMES NOW,** the Plaintiff Johnathan Brooks Klingenbeck, (Hereinafter "Plaintiff"), by and through undersigned counsel, and propounds the following interrogatories and requests for production of documents and things, to be answered by Defendant, within 30 days of service thereof.

You are reminded that, under the provisions of Rule 26(e) of Alabama Rules of Civil Procedure, you are under a duty to seasonably supplement your response with respect to any question indirectly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know the response was incorrect when made, or (b) you know the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

DOCUMENT 8

Any such supplemental response is to be filed and served upon counsel of record for Plaintiffs within fifteen (15) days after receipt of such information.

## **DEFINITIONS**

The following definitions are applicable to terms employed in these requests:

1. "**You**" and "**Your**" refer to the party to whom these requests are addressed, as well as said party's agents, servants, employees or representatives. Information sought in these requests from **You** shall include information within the knowledge or possession of **Your** agents and employees, attorneys, accountants, investigators, (including investigators for **Your** attorneys), and any other **Persons** or firms directly or indirectly subject to our control in any way whatsoever.

2. "**Person**" or "**Persons**" shall include any partnership, corporation, joint venture or other entity and shall also include any natural **Person** or any government or governmental body, commission, board or agency.

3. "**Document**," "**Documents**," or "**Documentation**," means any written, recorded or graphic matter, however produced or reproduced, and whether or not now in existence including, but not limited to, correspondence, telegrams, photographs, notes or sound or visual recordings of any type of personal or telephone conversations, or of meetings or conferences, minutes of directors or committee meetings, memoranda, inter-office communications, studies analyses, reports, results of investigations, reviews, contracts, agreements, working papers, statistical records, ledgers, books of account, financial statements and journals, vouchers, bank checks, invoices, receipts, computer data, stenographer's notebooks, desk calendars, appointment books, and diaries or papers similar to any of the foregoing, however denominated. It includes all matter that relates to or refers in whole or in part to the subjects referred to in a Request. If a **Document** has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification, are no longer identical), each non-identical copy is a separate "**Document.**"

4. "**Identify**" or a request to State "**Identity**" of some **Person** or things means:

    (a)    Wherever in these requests **You are asked to "Identify"** or state the "**Identity**" of a **Document, You** shall specifically designate the type of **Document** (i.e., letter, interoffice

DOCUMENT 8

memorandum, report, etc.) and shall state information sufficient to enable the undersigned to **Identify** the **Document**, such as its date, the name of the addressee or the addressees, the name of the signer or signers, the title or heading of the **Document**, and its approximate number of pages; the **Identity** and the address or addresses of the **Persons** to whom copies were sent; and the person or last known location of the possessor of the original of the **Document** (or, if that is unavailable, the most legible copy).

(b)     Wherever in these requests **You** are asked to "**Identify**" or state the "**Identity**" of a **Person**, **You** shall furnish information sufficient to enable the undersigned to **Identify** the **Person**, including: (i) in the case of a natural **Person**, the **Person's** name, present whereabouts (home address, employment address, telephone number number), present position, prior relevant positions the **Person** had held similar **Identifying** information; and (ii) in the case of an unnatural **Person** or entity, the **Person's** name, address, principal place of business, and the **Identity** of any officer, representative, or agent of such **Person** having knowledge or information concerning the subject matter of this request.

(c)     Wherever in these requests **You** are asked to "**Identify**" or state the "**Identity**" of a communication, **You** shall indicate the date thereof, whether the communication was oral or written, (or, if the oral communication was recorded in any manner in a **Document**) **Identify** the **Person** or **Persons** who sent, received or had knowledge of the communication, and state the information communicated.

5. "**Electronically stored information**" and " **ESI**" means any Information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; Android data; IPhone data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives.

6. "**Title**" shall refer to a position held by an employee which is representative of that employee's respective duties to be performed for his/her employer the City of Arab.

DOCUMENT 8

7.  **"Communication" or "Communications"** shall refer to any sending or receiving or the creation of information intended to be transmitted or actually transmitted to another person or entity whether by email, fax, facsimile, regular mail, certified mail, first class mail, registered mail, social media posting, social media messaging, text messaging, phone calls, hand delivered messages, or meeting in person or meeting face to face.

8.  **"Social Media" or "Social Networking Sites"** shall refer to Facebook, Twitter, Myspace, Google, Yahoo, About Me, Flickr, Focus.com, Tumblr, Instagram, Hi5, and BlackPlanet.

## INSTRUCTIONS

1. If **You** cannot answer any portion of the following requests in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying **Your** inability to answer the remainder, and stating whatever information or knowledge **You** have concerning the unanswered portions.

2. The propounded discovery is of an ongoing and continuing nature, and should you acquire additional documents responsive to these Requests, the responses shall be updated to include the additional information as provided in the *Alabama Rules of Civil Procedure.*

3.  If a refusal to produce a particular document is based on burdensomeness, identify the documents needed to be searched, the location of the documents, and identify each person that must be consulted

4. If **You** claim privilege as to any **Document** or communication as to which information is requested by these requests, specify the privilege claimed, the **Document**, communication and/or answer as to which claim is made, the topic discussed in the **Document** or communication, and the basis on which **You** assert that claim. For any document no longer in existence, state how it passed out of existence, and **"Identify"** each person having knowledge concerning such disposition.

5. Each request should be separately answered.  Requests should not be combined for the purpose of supplying a common answer, and answers should not be supplied by reference to the answers of another request.

DOCUMENT 8

## **Interrogatories**

1. Please identify all individuals who helped to prepare answers to interrogatories, including their name, address, telephone number, occupation, employer and title.

**Answer:**

2. If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**Answer:**

3. Please state the name(s) and address(es) of the owner or owners, association, person or organization in control or custody and who had responsibility for the maintenance or upkeep of the premises located at 3051 Healthy Way, Vestavia Hills, AL 35243, Jefferson County, Alabama at the time of the incident complained of by Plaintiff.

**Answer:**

4. Please identify all persons with knowledge relating to the allegations set forth in Plaintiff's Complaint, including any defenses thereto, and for each please state the nature of the facts known by each such person.

**Answer:**

5. Please identify any and all reports or statements regarding Plaintiff's injury as alleged in his Complaint. For each report or statement, please state the name and address of each person(s) who generated the reports or statements.

**Answer:**

6. Was the presence of the liquid on the floor observed by any of your employees where the Plaintiff fell either before or after the Plaintiff's fall? Include in your response the name and address of all who observed this, when it was observed and when it was corrected.

**Answer:**

7. Please identify by what means the liquid was removed from the floor and how long it took for removal.

**Answer:**

8. Please identify if the liquid was in other locations on the floor other than where Plaintiff slipped as alleged in his Complaint.

DOCUMENT 8

**Answer:**

9. Please identify the liquid on which Plaintiff slipped as alleged in his Complaint.

**Answer:**

10. Please identify how long the liquid was on the floor on which Plaintiff slipped as alleged in his Complaint.

**Answer:**

11. State the exact name and address or information for the location of all persons known by you, your agents or attorneys who were or purport to have been eyewitnesses to the incident complained of by Plaintiff.

**Answer:**

12. Please list the **name, job title, and current or last known address** of every employee or agent of Defendant who was on duty at the fitness center described in the Plaintiff's complaint, at the time of the accident, and indicate any employee who was involved in any aspect of this accident, and please indicate whether each person is still employed by Defendant or not.

**Answer:**

13. Describe in detail, each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question.

**Answer:**

14. Do you contend any person or entity other than yourself is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention in based, and whether or not you have notified each such person or entity of your contention.

**Answer:**

15. Please state in detail, any and all written and/or verbal instructions given to all store personnel, given specifically for the cleanup of any foreign substance(s) on the locker room floor at any time, and the name, address, telephone number and title for the custodian of same.

**Answer:**

16. Was any warning given to plaintiff or any other person concerning any danger in the area where the accident occurred?

**Answer:**

17. If the response to the preceding Interrogatory is in the affirmative, for each warning, state:

(a) A description of, or the substance of, the warning that was given
(b) The names, or other means of identification, and address of the person who gave the warning
(c) The name, or other means of identification, and address of each person to whom it was given
(d) The form in which it was given
(e) The reason it was given

**Answer:**

18. What is the name, address and job title of the person(s) responsible for maintenance of the locker room floor at the premises where the accident occurred at the time of the accident?

**Answer:**

19. Please state whether the Plaintiff, at the date and time of the accident, was a member of Life Time Vestavia Hills?  If not, please explain why.

**Answer:**

20. Please state whether, at the date and time of the accident, you contend Plaintiff had wrongfully or otherwise without permission entered and made use of the Life Time facility?

**Answer:**

21. On the date of the accident, please state whether Life Time Vestavia Hills, including any of its agents, employees, representatives, or others acting on its behalf, asked the Plaintiff to leave, exit or otherwise remove himself from the Lifetime hot tub?

**Answer:**

22. If the response to the preceding Interrogatory is in the affirmative, please state:

(a) The name(s) and job title/position of the individual(s) who asked Plaintiff to leave the hot tub, and
(b) the reason why the Plaintiff was asked to leave the hot tub.

**Answer:**

23. Please state the nature and purpose of the documents Plaintiff was asked to sign by Mason Durden, and, if applicable, the nature and purpose of the documents Plaintiff was asked to sign by the individual(s) disclosed in Interrogatory No. 22, Part (a)? Please include in your answer whether

DOCUMENT 8

the signing of these documents was a condition precedent to Plaintiff entering and using the Life Time facility and, if so, whether you contend Plaintiff knew or should have known this fact.

**Answer:**

24. Please state whether you contend Plaintiff signed any liability waiver or release relating to his membership before he entered and used the Lifetime facility on the date and time of the accident? If so, please produce the agreement for examination.

**Answer:**

25. Please describe in detail all other lawsuits in which you have been a party, either as a plaintiff or defendant, and for each provide the following information:

(a) The approximate date(s) of your involvement in the lawsuit;
(b) The names of all parties involved in the lawsuit;
(c) The allegations at issue in the lawsuit;
(d) The location of the court in which the lawsuit was filed; and
(e) The outcome of the lawsuit, including any monetary amount that you may have received or been required to pay.

**Answer:**

26. Please describe the job functions or duties of security personnel when "on duty" at the premises described in the Complaint.

**Answer:**

## <u>Request for Production</u>

1. Please produce any photographs, videotapes, and/or any other video footage, audio recordings, or other contemporaneous recordings created or obtained or transcripts of the same having been created or obtained that relate in any way to the allegations referred to in the Plaintiff's Complaint

**ANSWER:**

2. All documents reflecting Defendant's involvement as a litigant in any civil action or claim in the last five (5) years.

**ANSWER:**

3. Produce copies of all of Defendant's policy, procedure, and/or training manuals used on or before July 31, 2018 for its

    (i)      Security employees.
    (ii)     Front desk staff

DOCUMENT 8

  (iii)  Account managers

**ANSWER:**

4. Produce copies of all documents maintained by Defendant, not protected by a privilege or a right, relating to or arising from the incident referred to in the Plaintiff's Complaint, including but not limited to Defendant's complete investigative file and incident reports.

**ANSWER:**

5. Identify and produce copies of all complaints or grievances made by members of Lifetime Vestavia Hills made against any Lifetime employees in the last (5) years.

**ANSWER:**

6. Identify and produce a copy of the following documentation for each person disclosed in Interrogatory No. 12: (i) documents that evidence, relate to, or bear significantly upon the employee's criminal background information, (ii) documents that evidence, relate to, or bear significantly upon disciplinary information, including but not limited to reprimands and/or complaints by third parties, (iii) documents that evidence, relate to, or bear significantly upon any complaints registered by any employee, (iv) documents that evince, relate to, or bear significantly upon performance evaluations, and (v) termination of employment and resignation letters.

**ANSWER:**

7. Identify and produce all documents reflecting the investigation and opinion of any expert consulted for the purposes of providing expert testimony at the time of trial.

**ANSWER:**

8. All service or maintenance records relating to the locker-room in which Plaintiff fell from January 1, 2018 to August 31, 2018, including but not limited to, service or maintenance records relating to the clean-up of liquid on the floor.

**ANSWER:**

9. All documents that describe, evidence or constitute any contract or agreement whatsoever between you and Plaintiff.

**ANSWER:**

10. Identify your hiring policies and procedures for hiring employees in effect at the time of Plaintiff's injury and produce every document which discusses, reflects, refers or relates to such hiring policies and procedures and produce each and every document which discusses, reflects, refers or relates to the hiring of Mason Durden and any employees disclosed in Interrogatories No. 12 and 22 part (a).

ANSWER:

Respectfully submitted,

/s/   Ike Gulas              .
IKE GULAS (GUL005)
HARRIS R. FRANK (FRA066)
Attorneys for Plaintiff

**OF COUNSEL:**
The Ike Gulas Law Firm, P.C.
2031 2nd Avenue North
Birmingham, AL 35203
(205) 879-1247
ike@gulaslawfirm.com
hrfrank222@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December   27   , 2018, I served a copy of the foregoing on the City Clerk via U.S. mail.

**Life Time Fitness, Inc.**
**Cogency Global, Inc.**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**

/s/   Ike Gulas              .
IKE GULAS (GUL005)



AlaFile E-Notice

01-CV-2018-904787.00

To:  IKE GULAS
     Ike@gulaslawfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.
01-CV-2018-904787.00

The following discovery was FILED on 12/27/2018 2:36:34 PM

Notice Date:     12/27/2018 2:36:34 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2018-904787.00

To:  LIFE TIME FITNESS, INC. (PRO SE)
2 N. JACKSON ST., STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.
01-CV-2018-904787.00

The following discovery was FILED on 12/27/2018 2:36:34 PM

Notice Date:     12/27/2018 2:36:34 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

DOCUMENT 10



ELECTRONICALLY FILED
1/8/2019 2:09 PM
01-CV-2018-904787.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF
## JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| Johnathan Brooks Klingenbeck, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 2018-904787.00 |
| | ) | |
| Life Time Fitness, Inc., et al. | ) | |
| | ) | |
| Defendant(s). | ) | |

---

## ANSWER

---

COMES NOW Defendant, Life Time, Inc., identified in the Complaint as Life Time Fitness, Inc. (hereinafter "Defendant") and for Answer to Plaintiff's Complaint states as follows:

### STATEMENT OF PARTIES

1.      The allegations contained in this paragraph are not directed towards this Defendant.

2.      Admitted.

3.      Defendant admits the events related to the present lawsuit occurred in Jefferson County, Alabama but denies that venue and/jurisdiction is proper in Jefferson County, Alabama.

4.      Admitted.

### FACTUAL ALLEGATIONS

5.      Defendant admits a membership account in Plaintiff's name was activated on June 26, 2017.  Defendant lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, therefore, they are denied.

6.      Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph, therefore, they are denied.

7.      Defendant admits Plaintiff visited Defendant's Vestavia Hills, Alabama facility on July 10, 2017.  The remaining allegations in this paragraph are denied.

8.      Defendant lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, therefore, they are denied.

9.      Defendant lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, therefore, they are denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

**COUNT ONE**

16.     Defendant denies the allegations contained in this paragraph as written.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

**COUNT TWO**

23.     Defendant denies the allegations contained in this paragraph as written.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

**COUNT THREE**

28.     Denied.

2

DOCUMENT 10

29.    Denied.

30.    Denied.

31.    Denied.

## COUNT FOUR

32.    Defendant denies the allegations contained in this paragraph as written.

33.    Defendant denies the allegations contained in this paragraph as written.

34.    Denied.

35.    Denied.

36.    Denied.

## DEMAND FOR RELIEF

Defendant denies the allegations contained in the *ad damnum* clauses contained in these paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant denies that it was guilty of any negligence, recklessness or wantonness which proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

### SECOND DEFENSE

Defendant avers that on the occasion of the accident made the basis of this suit, Plaintiff was guilty of negligence which proximately contributed to cause his alleged injuries and damages.

### THIRD DEFENSE

Plaintiff's injuries and damages, none of which are admitted but are expressly denied, were not the result of any acts or omissions of Defendant, but were the result of acts or omissions of other persons.

3

DOCUMENT 10

### FOURTH DEFENSE

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged negligence of Defendant and Plaintiff's alleged injuries or damages.

### FIFTH DEFENSE

Defendant avers that Plaintiff is not the proper party to prosecute this action.

### SIXTH DEFENSE

Defendant avers that Plaintiff assumed the risk of his injuries and damages.

### SEVENTH DEFENSE

Defendant pleads the general issue.

### EIGHTH DEFENSE

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata*.

### NINTH DEFENSE

Defendant pleads that the hazardous condition alleged in the Complaint was open and obvious.

### TENTH DEFENSE

Defendant avers Plaintiff failed to mitigate his damages.

### ELEVENTH DEFENSE

Defendant avers Plaintiff lacks standing and/or capacity to prosecute this action.

### TWELFTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

4

DOCUMENT 10

## THIRTEENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

## FOURTEENTH DEFENSE

If Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## FIFTEENTH DEFENSE

If Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

## SIXTEENTH DEFENSE

If Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

5

DOCUMENT 10

## SEVENTEENTH DEFENSE

If Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## EIGHTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## NINETEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTY-FIRST DEFENSE

If Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of

6

DOCUMENT 10

the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY-SECOND DEFENSE

If Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-THIRD DEFENSE

If Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

DOCUMENT 10

### TWENTY-FOURTH DEFENSE

If Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

### TWENTY-FIFTH DEFENSE

Defendant asserts that venue and jurisdiction are improper and that another venue is more appropriate for this case.

### TWENTY-SIXTH DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

### TWENTY-SEVENTH DEFENSE

The Complaint is vague and indefinite and does not apprise Defendant of what it is called upon to defend against.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of release and/or accord and satisfaction.

### TWENTY-NINTH DEFENSE

Some or all of Plaintiff's claims are barred by the statute of frauds.

### THIRTIETH DEFENSE

Defendant avers that Plaintiff's claims are barred by the doctrine of waiver.

### THIRTY-FIRST DEFENSE

Defendant pleads intervening, superseding cause.

8

DOCUMENT 10

### THIRTY-SECOND DEFENSE

Defendant pleads it is entitled to a set-off.

### THIRTY-THIRD DEFENSE

Defendant pleads that Plaintiff failed to mitigate his damages.

### THIRTY-FOURTH DEFENSE

Defendant pleads lack of privity.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred by the contract language in the contract(s) or other documents that Plaintiff avers Defendant breached.

### THIRTY-SIXTH DEFENSE

Defendant pleads lack of proximate cause.

### THIRTY-SEVENTH DEFENSE

Defendant pleads any other matter constituting an avoidance or an affirmative defense not specifically set out herein and hereby reserves the right to amend this Answer to include any such avoidance or defense.

Defendant reserves the right to assert other defenses and claims when and if they become appropriate during this action.  Defendant hereby expressly denies any allegations contained in the Complaint which were not expressly admitted.

Respectfully submitted,

 s\ Thomas S. Creel
THOMAS S. CREEL (CRE015)
DAVID S. MANUSH (Man066)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama  35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

9

DOCUMENT 10

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the AlaFile system which will send notification of such filing to the following on this the 8th day of January, 2019:

Ike Gulas
Harris R. Frank
The Ike Gulas Law Firm, P.C.
2031 2nd Avenue North
Birmingham, AL 35203
(205) 879-1247
ike@gulaslawfirm.com
hrfrank222@gmail.com

/s/ Thomas S. Creel
Of Counsel

10



AlaFile E-Notice

01-CV-2018-904787.00

To:  THOMAS S. CREEL
     tcreel@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.
01-CV-2018-904787.00

The following answer was FILED on 1/8/2019 2:10:31 PM

Notice Date:     1/8/2019 2:10:31 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2018-904787.00

To: LIFE TIME FITNESS, INC. (PRO SE)
2 N. JACKSON ST., STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.
01-CV-2018-904787.00

The following answer was FILED on 1/8/2019 2:10:31 PM

Notice Date: 1/8/2019 2:10:31 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2018-904787.00

To:  GULAS THEODORE ALECK
Ike@gulaslawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHN BROOKS KLINGENBECK V. LIFE TIME FITNESS, INC.
01-CV-2018-904787.00

The following answer was FILED on 1/8/2019 2:10:31 PM

Notice Date:      1/8/2019 2:10:31 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov